## STATE OF OREGON,
*Respondent,*

*v.*

## ARTHUR DEAN SMITH,
*Appellant.*

(98C54781, 98C54794, 98C54795;
CA A106213 (Control), CA A106214, CA A106215)
(Cases Consolidated)

12 P3d 546

Andy Simrin, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers,

Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

WARREN, S. J.

## WARREN, S. J.

Defendant was convicted under three separate charging instruments of theft, robbery, assault, and driving under the influence of intoxicants. He appeals only those convictions charged in Marion County case number 98C54794, which included robbery in the third degree, theft in the second degree and assault in the fourth degree. He asserts that the trial court committed reversible error in admitting evidence of his character that he contends was relevant only to show his propensity to commit theft. We conclude that as to some of the evidence, the trial court did not err in admitting it, because defendant did not object. As to the remainder, even if the trial court did err in admitting it, we conclude that any error was harmless. Accordingly, we affirm the convictions.

We take our statement of facts from defendant's brief: Ansted, a codefendant, went into a Wal-Mart store while defendant waited for him in a van in the parking lot. Ray, a Wal-Mart loss prevention officer, saw Ansted leave the store without paying for merchandise that he had hidden under his jacket. Ansted got into defendant's van while Ray and others pursued. Ray and her husband asked defendant through the van's open window to have Ansted return the property. Defendant denied that anyone else was in the van and started backing out of the parking space after Ansted shouted from the back of the van, "Just shut up and drive." When defendant shifted to forward, the van struck the store's assistant manager, Oliver, injuring him.

The state's theory was that defendant aided and abetted Ansted by driving him away from the store with property that defendant knew Ansted had shoplifted. In support of that theory, in addition to the above-described facts, the state offered evidence that approximately 25 minutes before Ansted's theft, defendant had gone into the store and returned merchandise for cash, without a receipt. The state also offered Ray's testimony that shoplifters often return stolen merchandise for cash. The court first ruled that that evidence was inadmissible. Later, over defendant's objection, the court admitted the evidence about the return of merchandise for cash and testimony of a police officer that shoplifters

frequently return merchandise for cash. The court concluded that Ansted's attorney had "opened the door" by questioning a witness about the store's policy of giving cash refunds on returned merchandise when customers have no receipts.

Defendant's contention on appeal is that the court erred in admitting the evidence of defendant's return of merchandise and the further testimony that shoplifters commonly attempt to return merchandise for cash, because that evidence was irrelevant to the crimes charged and merely served to tarnish defendant's character. The state asserts that the evidence was relevant, because it permitted an inference that defendant and Ansted were committing crimes together and that defendant knew that Ansted was shoplifting.

■　We have read the record, and we agree with the trial court that evidence concerning defendant's return of merchandise without a receipt, for cash, was admitted without objection. Accordingly we conclude that there was no error in admitting that evidence.

■　The only remaining question is whether the trial court erred in admitting the testimony of the store's security officer and a police officer that shoplifters often return merchandise for cash. We need not address that question because, even assuming that the evidence should not have been admitted, we conclude after reviewing the record that any error in admitting the evidence is harmless, as there is little likelihood that the error affected the verdict. *State v. Hansen*, 304 Or 169, 180, 743 P2d 157 (1987); OEC 103(1).

The jury had before it evidence that Ansted shoplifted merchandise from Wal-Mart, that defendant waited for Ansted in the van in the store parking lot, that Ansted got into the van, and that defendant drove out of the parking lot at Ansted's insistence having reason to know that Ansted had shoplifted merchandise. The jury also had before it evidence that, one week after the events giving rise to the present charges, defendant drove the same van and waited for Ansted while he shoplifted from another store. It had before it additional evidence that Ansted had been convicted of shoplifting on eight previous occasions.

It is possible that the jury could have drawn an improper inference from the challenged evidence that, because defendant returned merchandise for cash, he was a shoplifter. However, in light of the substantial and convincing evidence of defendant's actual participation in the shoplifting by waiting for Ansted and driving him away with reason to know that he had shoplifted, that possible inference was not likely to have affected the jury's verdict. Accordingly, we conclude that any error in admitting the evidence was harmless.

Affirmed.